# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CORY L. ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  2:19-cv-01837-CLM-JHE |
| WARDEN MEYERS, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Cory L. Ellis has filed a *pro se* complaint in this court on the form normally used to state claims pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The plaintiff names the following defendants in the complaint: Warden Meyers, Officer D. Ray, Officer Downing, Lt. C. Gordy, and Cpt. Lawson.  (*Id.* at 2).  The plaintiff seeks injunctive relief and "justice."  (*Id.* at 3-4).

The plaintiff is incarcerated at Easterling Correctional Facility ("Easterling") in Clio, Alabama.  (*Id.* at 2).  The plaintiff alleges that on October 7, 2019, Officer D. Ray witnessed two inmates threaten and assault him with a lock.  (*Id.*).  Ray assisted the plaintiff post-assault but then proceeded to deny knowledge of the perpetrators' identities.  (*Id*).  Captain Lawson instructed the plaintiff to report the incident and general lack of dorm security on a piece of paper, and give the document to Officer Love to pass on to Warden Meyers.  (*Id.*).  The plaintiff did so but has not received a response.  (*Id.*).  The plaintiff also has not received an envelope to report the incident to I&I and was told to 'call someone who cares' when he requested a Section 1983 complaint form.  (*Id.*).  The plaintiff currently is housed in an Easterling segregation cell with friends of the inmates who assaulted him and fears for his life.  (*Id.*).

From the allegations of the complaint, venue in not proper in the Northern District of Alabama. A federal action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b); s*ee also Nails v. Coleman Low Federal Inst*., 440 F. App'x 704, 706 (11th Cir. 2011). Only the events that directly give rise to a claim are relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

The plaintiff's allegations suggest no connection to the Northern District of Alabama. Defendants appear to reside in Clio, Alabama, where Easterling Correctional Facility is located, and the events made the basis of the plaintiff's complaint occurred in that city. The city of Clio is located in Barbour County, which is in the Middle District of Alabama. As such, in the interest of justice, this action is due to be transferred to the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case in the wrong . . . district shall dismiss, or it be in the interest of justice, transfer such case to any . . . district in which it could have been brought.")

### Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama.

### Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date

the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint which the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Upon receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 26th day of November, 20199.

_____
 **JOHN H. ENGLAND, III**
 UNITED STATES MAGISTRATE JUDGE